```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

CONSUELO POSSO,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  06 C 4372
                                )
WOLPOFF & ABRAMSON, L.L.P.,     )
et al.,                         )
                                )
          Defendants.           )
```

MEMORANDUM ORDER

Defendants have filed their Answer and Affirmative Defenses ("ADs") to the Fair Debt Collection Practices Act brought against them by Consuelo Posso ("Posso"). This sua sponte memorandum order is occasioned by some flaws in that responsive pleading.

To begin with, although defense counsel is properly faithful to the form of disclaimer prescribed by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to allow a defendant to get the benefit of a deemed denial, in each instance counsel then goes on to say "and, therefore, deny same" (Answer ¶¶4, 13-15, and 32). That of course is an oxymoron: If a party really lacks enough information even to form a belief as to the truth of an allegation, by definition the party is not in a position to <u>deny</u> that allegation in the objective good faith required by Rule 11. Accordingly, the above-quoted phrase is stricken from each paragraph where it appears.

Second, defendants' ADs as framed are problematic, even under the notice pleading regime that operates in the federal

system. Thus:

1. There is a serious question whether what really amounts to a Rule 12(b)(6) motion can fairly be characterized as an AD under Rule 8(c) and the caselaw applying it. But that apart, if defendants really intend to challenge the viability of Posso's claim, they must do so by a motion. Absent the filing of such a motion together with supporting authority on or before October 23, 2006, AD 1 will be stricken.

2. Much the same is true as to ADs 2 through 5 (and as to AD 5 in particular, it is difficult to understand any good faith basis for the disparity in the amounts that were sought to be collected from Posso at different times). Accordingly, what has been said as to AD 1 applies to all of the remaining ADs as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2006